IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyler Andrell Brown-Kelly,<br><br>Petitioner,<br><br>v.<br><br>Warden of Lieber Correctional Institution,<br><br>Respondent. | C/A No. 1:25-12445-JFA-SVH<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.     INTRODUCTION

Petitioner Tyler Andrell Brown-Kelly, ("Petitioner"), a state prisoner proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Petitioner filed a petition on September 10, 2025, on a 28 U.S.C. § 2241 form. (ECF No. 1). In the petition, Petitioner indicated he was serving a sentence at Lieber Correctional Institution based on a 2013 conviction in Berkeley County, South Carolina. *Id.* at 1. He requested the court overturn his sentence or reduce his conviction to a lower offense. *Id.* at 7. After receiving this petition, the Magistrate Judge issued a proper form order and an order and notice which advised Petitioner that given his status as a state prisoner, he could not bring a habeas petition pursuant to 28 U.S.C. § 2241. Consequently, Petitioner was informed that the court would construe the petition as one brought pursuant to 28 U.S.C. § 2254, unless he either withdrew the petition or filed an amended § 2254 petition. (ECF

Nos. 6 &7). The order and notice further warned Petitioner that if the petition were construed as a § 2254 petition, it was likely subject to summary dismissal. (ECF No. 7). Receiving no response from Petitioner, the Magistrate Judge issued a report and recommendation recommending the petition be construed as a § 2254 petition and be dismissed for failure to prosecute. (ECF No. 14). However, within the time for objections to be received, Petitioner filed an amended petition which prompted the Clerk of Court to vacate the report and recommendation and return the file to the Magistrate Judge to evaluate the amended petition. (ECF No. 17).

The Magistrate Judge reviewed the amended petition and prepared a thorough Report and Recommendation ("Report"), which opines that Petitioner's amended petition should be dismissed without prejudice and without requiring Respondent to answer for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b). (ECF No. 25). Petitioner filed objections to this Report. (ECF No. 27). Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court

is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.*

(citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 25). In short, Petitioner is challenging his guilty plea and conviction of murder, carjacking without injury, possession of a firearm or knife during commission of a violent crime, kidnapping, and armed robbery in the Berkeley County Court of General Sessions on June 10, 2013, for which he was sentenced to 45 years in prison. (ECF No. 17 at 1). In his petition, Petitioner checked "No" in response to questions asking whether he sought further review of his conviction by a higher state court. *Id.* He also indicated he had not filed any other petitions, applications, or motions concerning this judgment of conviction in any state court. *Id.* The Report recommends the petition be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b). (ECF No. 25, p. 9).

In response to the Report, Petitioner enumerated one specific objection, and requested this Court appoint counsel to assist him in pursuing his claim. (ECF No. 27). Both the objection and the request are addressed below.

<u>Objection</u>

Petitioner objects to the Magistrate Judge's dismissal of his claim for failure to exhaust state remedies. *Id.* Petitioner expresses confusion over why the claim is being dismissed for failure to exhaust administrative remedies and states "if [I] knew or had

4

knowledge about having to exhaust state remedies before a habeas petition could be done then that would have happen[ed]." (ECF No. 27).

Section 2254 permits federal courts to grant habeas corpus relief to those in custody in violation of the Constitution or laws or treaties of the United States provided certain grounds are met, including exhaustion of State remedies. Specifically, "[a]n application for a writ of habeas corpus … shall not be granted unless it appears that [] (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

A review of the record and Petitioner's objections supports the Magistrate Judge's conclusion that the petition should be dismissed for failure to exhaust required state remedies. Petitioner did not file a direct appeal or an application for post-conviction relief ("PCR"), both of which were available remedies in the State Courts of South Carolina. Petitioner argues he was advised by his attorney not to file a direct appeal, and states he was unaware of the time constraints and process for filing a PCR. However, this does not change the unalterable fact that state remedies were available to Petitioner, and he failed to exhaust them prior to filing this habeas petition. Accordingly, Petitioner's objection is overruled.

Request for this Court to Appoint Counsel

In his objection, Petitioner also requests that this Court appoint counsel to assist him in pursuing his claim. (ECF No. 27). Petitioner argues that as a *pro se* litigant that is given

such short periods of time to correct petitions and file objections he should be appointed counsel. *Id.*

This Court respectfully denies Petitioner's request. First, the Court notes a review of the record shows the Magistrate Judge gave Petitioner adequate time to file an amended petition and file objections to the Report. Further, a petitioner has no constitutional right to counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions …, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." (citation omitted)). The Court may; however, in its discretion, appoint counsel for a habeas petitioner when "the interests of justice so require."18 U.S.C. § 3006A(a)(2). While the interests of justice may require appointment of counsel where an evidentiary hearing is conducted on the petition, the appointment of counsel remains discretionary when no such hearing is necessary. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citing *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994)). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard,* 29 F.3d at 471 (citation omitted).

The interests of justice do not require this Court to appoint counsel for Petitioner. At this juncture, a review of the Petition without requiring a response from Respondent,

6

indicates the Petition is subject to summary dismissal for failure to exhaust required state remedies. Petitioner's claims are not any more complex than other federal habeas actions. Accordingly, Petitioner's request for this Court to appoint counsel is denied.

IV.   **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 25). For the reasons discussed above and in the Report, the petition is dismissed, without prejudice, without further leave to amend, and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

December 2, 2025                              Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."